UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EMIL D. JACKSON, | ) | CASE NO. 5:20-cv-401 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| EQUIFAX, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

*Pro se* plaintiff Emil D. Jackson ("Jackson") brings this action against the defendant Equifax, Inc. ("Equifax") concerning a data breach. (Doc. No. 1 at 4[1] ("Compl.").) Jackson moves to proceed with this action *in forma pauperis* (Doc. No. 2), and that motion is granted.

For the reasons that follow, this case is dismissed.

## I. Background

Jackson's claim, stated in its entirety, provides as follows:

See attached exhausted/completed administrative remedy/procedure: Conditional Acceptance, Notice of Fault & Opportunity to Cure and subsequent Affidavit and Notice of Default. Plaintiff has exhausted his/her private Administrative remedy/procedure and through the Defendants non-response, acceptance and commercial acquiescence of the facts as outlined in the Affidavit and Notice of Default. Defendants were afforded commercial grace and an opportunity to provide the requested proofs of claims and failed to provide proofs of claim as enumerated in the Conditional Acceptance sent to Defendant via certified mail # 70190700000164935606 and received by Defendant on November twenty-nine, two thousand nineteen. Defendants were then sent a Notice of Fault and Opportunity to cure the fault via certified mail number 70190700000164935712 on and failed to respond. Defendants were also sent a copy of the Plaintiffs' social security card and State of Ohio identification card with Notice of Default. Through Defendants non-response and silence, the Defendants have quietly agreed to all of the facts as outlined in the Notice of Default. Therefore the

---

[1] Page number references are to the page identification numbers generated by the Court's electronic filing system.

> Plaintiff states a superior claim upon which relief can be granted and the Defendants fail to state a claim upon which relief can be granted.

(*Id*. at 5.[2])

**II. Discussion**

**A. Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e)(2)(B) if it fails to state a claim upon which relief can be granted, lacks an arguable basis in law or fact, or seeks monetary relief against a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). In reviewing a *pro se* complaint, the Court must construe the pleading in a light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Federal courts are courts of limited jurisdiction and have authority to decide only the cases that the Constitution and Congress have empowered them to resolve. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Federal courts "have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) (citations omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

---

[2] The attachments Jackson refers to are not contained in the documents provided to the Court.

**B. Analysis**

Jackson brings this action pursuant to the Court's diversity jurisdiction – 28 U.S.C. § 1332. Pursuant to 28 U.S.C. § 1332, the Court has original subject matter jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States…." 28 U.S.C. 1332(a)(1).

*Diversity of citizenship*

Jackson identifies as a citizen of the State of Ohio. (Compl. at 3.) Equifax is a corporation and, for purposes of diversity jurisdiction, a corporation is a citizen of the state in which it is incorporated and has its principal place of business. 28 U.S.C. § 1332(c)(1). Jackson's allegations concerning Equifax's citizenship are the same as the citizenship allegations asserted in a nearly identical case which were determined to be insufficient to establish diversity.[3] (*See* Compl. at 4.) At this juncture, this Court is not persuaded that Jackson's allegations of Equifax's citizenship are insufficient to establish diversity.[4] But regardless of the determination concerning diversity of citizenship, Jackson fails to allege facts that show the amount in controversy exceeds $75,000.00 and, therefore, fails to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332.

*Amount in controversy*

---

[3] In *Mosley v. Equifax, Inc.*, Civil Case No. 19-11226, 2019 WL 2539349 (E.D. Mich June 20, 2019), a case identical to the instant action with respect to the allegations concerning the citizenship of Equifax, the court found that the allegations did not establish diversity of citizenship. That court nevertheless found diversity of citizenship based upon information about Equifax contained in pending multidistrict litigation concerning the data breach. *Id.* at *1 ("Plaintiff does not identify [d]efendant's citizenship; however, it appears that [d]efendant is a Georgia corporation with its principal place of business in Atlanta, Georgia.") (citing *In re Equifax, Inc. Customer Data Sec. Breach Litig.*, Case No. 1:17-md-2800-twt (N.D. Ga. filed Dec. 6, 2017)).

[4] Jackson also indicates Equifax's address is Atlanta, Georgia. (Compl. at 2.) But merely identifying "a corporate defendant's business address is wholly insufficient to establish either its place of incorporation or its principal place of business, because '[t]he mere fact that a corporation is doing business or is licensed to do business in a state does not make it a citizen of that state for purposes of diversity jurisdiction.'" *Barlow v. K.L. Harring Transp.*, No. 06-CV-14313-DT, 2006 WL 3104705, at *2 (E.D. Mich. Oct. 31, 2006) (quoting *Johnson v. Pharmacia & Upjohn Co.*, No. 99-96, 1999 WL 1005653 at *4 (W.D. Mich. Oct. 12 1999); *see also Riggs v. Island Creek Coal Co.*, 542 F.2d

With respect to the amount in controversy, Jackson states that amount exceeds $75,000.00 because:

> Equifax, Inc. has willingly, knowingly, intentionally, or voluntarily agreed and acquiesced through its non-response to the facts stated in the Conditional Acceptance/Affidavits sent, and is therefore in default under contract. Equifax has also admitted to the data breach which has affected and injured me personally.

(Compl. at 4.)

For relief, Jackson seeks:

> $75,000,000.00 agreed to and acquiesced by Equifax, Inc through the Plaintiff exhausting his private administrative remedy through request proofs of claim, Equifax, Inc's subsequent non-response to the Notice of Fault and Opportunity to Cure and subsequent non-response and subsequent Default as a result of Equifax, Inc. willful failure to respond. Plaintiff also pray for triple damages, punitive damages and all court costs.

(*Id*. at 5.)

"[T]he amount alleged in the complaint will suffice unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount." *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288-89, 58 S. Ct. 586, 82 L. Ed. 845 (1938)); *Davis v. DCB Fin. Corp.*, 259 F. Supp. 2d 664, 675 (S.D. Ohio 2003) (same) (citing *Klepper,* 916 F.2d at 340). "The '[m]ere averment of the amount claimed to be in controversy is not enough to confer jurisdiction.'" *Mosley v. Equifax, Inc.,* Civil Case No. 19-11226, 2019 WL 2539349, at *1 (E.D. Mich. June 20, 2019) (quoting *Breault v. Feigenholtz*, 380 F.2d 90, 92 (7th Cir. 1967)).

In this case, Jackson alleges that the data breach "injured me personally," but the complaint is devoid of factual allegations regarding the nature of the injury or damages sustained

---

339, 342 (6th Cir. 1976) (a corporation's headquarters does not "invariably govern the location of its principal place of business").).

by Jackson as a consequence of Equifax's data breach. For example, there are no allegations concerning identity theft, misuse of personal information, or the cost of monitoring to protect Jackson's personal information. Nor can Jackson's claim for punitive damages support a finding that the jurisdictional amount has been satisfied because "such damages must bear some relationship to [plaintiff's] actual damages." *Id.* at *2 (citing *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003) (The Due Process Clause of the Fourteenth Amendment prohibits the imposition of grossly excessive or arbitrary punishments on a tortfeasor.")). The only facts offered by Jackson to support the jurisdictional amount is that the data breach caused an unspecified injury and that Equifax "agreed to and acquiesced" to relief in the amount of $75,000,000.00 because it did not respond to Jackson's "Notice of Default and Opportunity to Cure" and Equifax's "willful failure to respond" resulted in default. (Compl. at 5.) In a case based upon similar facts where $75 million dollars in damages was claimed, the court in *Mosley* concluded that the plaintiff could not in good faith claim damages that satisfied the jurisdictional amount and dismissed the case without prejudice for lack of subject matter jurisdiction. *Mosley,* 2019 WL 2539349, at *2.

As the party seeking to invoke the Court's jurisdiction, Jackson bears the burden of establishing the Court's authority to hear his case. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Here, even with the benefit of liberal construction Jackson's damages claim is entirely speculative, and the Court concludes it appears to a legal certainty that Jackson cannot in good faith claim the jurisdictional amount necessary for this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332. *See Williams v. Equifax, Inc.*, No. 1:19-CV-622, 2019 WL 3556920, at *2-3 (S.D. Ohio Aug. 5, 2019) (dismissing case for lack of subject matter jurisdiction where plaintiff failed to set forth specific

claims that would support a damages claim of $75,000,000.00) (citing *Mosley*), *report and recommendation adopted,* No. 1:19CV622, 2019 WL 5455557 (S.D. Ohio Oct. 24, 2019); s*ee also Davis v. DCB Fin. Corp.*, 259 F. Supp. 2d 664, 677 (S.D. Ohio 2003) (claimed damages that are speculative and immeasurable are insufficient to support a good faith claim for the jurisdictional amount); *Newton v. Dominion Mgmt. Servs.*, No. 1:14 CV 763, 2014 WL 4322691, at *5 (N.D. Ohio Aug. 29, 2014) ("Giving a generous reading to the complaint, it is plausible plaintiff could claim damages as high as $6,840.00. He cannot in good faith claim $2,000,000.00 in damages. Consequently, plaintiff has not established the jurisdictional amount in controversy needed to invoke federal diversity of citizenship jurisdiction."); *Mason v. Equifax, Inc.*, No. 1:17-CV-5448-TWT-JKL, 2018 WL 1023599, at *2 (N.D. Ga. Jan. 19, 2018) (recommending dismissal for lack of subject matter jurisdiction because plaintiff has not alleged facts to support his claim that the amount in controversy exceeds $68.6 billion) (citing among authority *Bradley v. Kelly Servs., Inc.*, 224 F. App'x 893, 895 (11th Cir. 2007) (per curiam) (holding that plaintiff's mere speculation, without any supporting calculations, that the amount in controversy exceeds $75,000 is insufficient to meet § 1332's jurisdictional threshold)), *report and recommendation adopted sub nom. Mason v. Equifax, Inc*, No. 1:17-CV-5448-TWT, 2018 WL 1014629 (N.D. Ga. Feb. 22, 2018).

Therefore, regardless of whether Jackson alleged sufficient facts to establish diversity of citizenship, Jackson has failed to assert a good faith claim that the amount in controversy exceeds the jurisdictional amount necessary for this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). Jackson does not identify any basis for federal question jurisdiction pursuant to 28 U.S.C. § 1331 (*see* Compl. at 3) nor can the Court discern from Jackson's allegations a federal question at issue in this case. While the Court must liberally construe the

complaint, the Court is not required to construct claims on Jackson's behalf. See *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

### III. Conclusion

For all the foregoing reasons, this case is dismissed pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction. This dismissal is without prejudice,[5] and Jackson may refile the claims brought herein in state court or federal court if Jackson can allege facts which would support a determination of federal subject matter jurisdiction.

Jackson's motion to proceed *in forma pauperis* is granted (Doc. No. 2).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: March 27, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[5] Because the Court lacks subject matter jurisdiction, the Court lacks authority to conduct a screening pursuant to 28 U.S.C. § 1915(e) and offers no opinion as to whether this action would have survived any such screening had Jackson met his burden to satisfy subject matter jurisdiction.